GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X             CV
RONALD THERMIDOR,
                      Plaintiff,                         **COMPLAINT**

            - against -                                   **PLAINTIFF
                                                                                  DEMANDS A
                                                                                  TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER JONATHAN
FORMICHELLI
and POLICE OFFICERS JOHN DOE 1-3

                      Defendants,
-----------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

    1.     Plaintiff, RONALD THERMIDOR, is a 59 year old male, and at all times relevant to this action, was a resident of New York, New York.

    2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

    3.     Upon information and belief, Defendant POLICE OFFICER JONATHAN FORMICHELLI was at all relevant times an officer with the NYPD believed to be assigned to or working within the SRG or the 28th Precinct. All actions by FORMICHELLI complained of herein were taken in the course of his employment and under color of law. FORMICHELLI is being sued in both his individual and official

capacities.

4. Upon information and belief, Defendant POLICE OFFICERS JOHN DOE 1-3, are fictitious names for persons whose true names are currently unknown, who were at all relevant times officers with the NYPD, believed to be assigned to or working within the 28th Precinct. All actions by the DOE DEFENDANTS complained of herein were taken in the course of their employment and under color of law. The DOE DEFENDANTS are being sued in both their individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. A Notice of Claim was timely served upon NYC on or about October 7, 2016, within ninety days of July 11,2016, the statutory date of accrual for the claims based upon false arrest, excessive force and malicious prosecution. A 50-h hearing was held on April 3, 2017.

8. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

9. On July 11, 2016, at approximately 9:00 pm Plaintiff was lawfully walking on Lenox Avenue and 116th Street in Manhattan, a short distance from Plaintiff's home.

10. Suddenly, numerous Police officers, among them the DOE DEFENDANTS and FORMICHELLI ,emerged from an unmarked police vehicle stopped near Plaintiff and attacked Plaintiff.

11. Plaintiff was then thrown to the street and struck about the head and body

2

by FORMICHELLI and the DOE DEFENDANTS. Plaintiff was struck by hands and fists and a blunt object.

12. Plaintiff was taken from the street and was placed in a police vehicle.

13. Plaintiff complained of the injuries he had received at the hands of FORMICHELLI and the DOE DEFENDANTS and was then taken by ambulance to Mount Sinai Hospital for evaluation and treatment.

14. Plaintiff was held in the hospital for a few hours and was given two summonses by FORMICHELLI, one for Disorderly Conduct and one for a Vehicle and Traffic violation, and was permitted to go home.

15. Plaintiff was compelled to hire a lawyer and to appear in Criminal Court on September 22, 2016 and October 18, 2016 under Summons Numbers 2016SN039312 and 2016SN039313. Those summonses were dismissed by a judge of the Criminal Court on October 18, 2016.

16. Plaintiff suffered significant physical injuries to his head, neck and back at the hands of FORMICHELLI and the DOE DEFENDANTS, and has sought and received medical treatment to address those injuries.

17. Plaintiff to this day suffers from the effects of the physical injuries caused by FORMICHELLI and the DOE DEFENDANTS, and from severe emotional distress as a result of the false arrest, excessive force, and malicious prosecution.

### FIRST CLAIM (FALSE ARREST -SECTION 1983)

18. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 of the Complaint as if incorporated and reiterated

herein.

19. By arresting Plaintiff without legal authority, Defendants FORMICHELLI and the DOE DEFENDANTS violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

20. By reason thereof, FORMICHELLI and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### SECOND CLAIM (FALSE ARREST-STATE LAW CLAIM)

21. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22. Plaintiff was unlawfully detained and arrested by FORMICHELLI and the DOE DEFENDANTS without probable cause.

23. By reason thereof, DEFENDANTS caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

24. By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### THIRD CLAIM (EXCESSIVE FORCE -SECTION 1983)

25. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 to 24 of the Complaint as if incorporated and reiterated herein.

26. FORMICHELLI and the DOE DEFENDANTS, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

27. By reason thereof, FORMICHELLI and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FOURTH CLAIM (ASSAULT- SECTION 1983)

28. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29. FORMICHELLI and the DOE DEFENDANTS, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

30. By reason thereof, FORMICHELLI and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, economic damages, mental anguish and the loss of his constitutional rights.

### FIFTH CLAIM (MALICIOUS PROSECUTION- STATE LAW)

31. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated

herein.

32. FORMICHELLI and the DOE DEFENDANTS sole purpose in arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff.

33. By commencing a proceeding in the absence of probable cause and with actual malice, DEFENDANTS intentionally engaged in a malicious prosecution of Plaintiff.

34. By reason thereof, DEFENDANTS caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

35. By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior.*

**SIXTH CLAIM (MALICIOUS PROSECUTION- SECTION 1983)**

36. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 35 of the Complaint as if incorporated and reiterated herein.

37. FORMICHELLI'S sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff.

38. By commencing a proceeding in the absence of probable cause and with actual malice, FORMCHELLI intentionally engaged in a malicious prosecution of Plaintiff.

39. By reason thereof, FORMICHELLI violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic

damages and the loss of his constitutional rights

### SEVENTH CLAIM (EXCESSIVE FORCE CLAIM- STATE LAW)

40.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41.     Plaintiff was unlawfully assaulted and excessive force was used against him by FORMICHELLI and the DOE DEFENDANTS.

42.     By reason thereof, FORMICHELLI and the DOE DEFENDANTS caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

43.     By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.
**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)    On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)   On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)  On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)   On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)    On the fifth claim, actual and punitive damages in an amount to be

       determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

ix) Such other relief as the Court deems just and proper.

Dated: New York, New York
September 8, 2017

                          Goldberg & Allen, LLP
                          Attorneys for Plaintiff

By: _____
Gerald Allen [GA-0950]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366